AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>ZACHARY SCRUGGS<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)         1:18-mj-0177<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 6, 2018__ in the county of __Howard__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribution Methamphetamine |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Derek Heller, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/27/2018

_____
*Judge's signature*

City and state: Indianapolis, Indiana

Debra McVicker Lynch, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF APPLICATION

I, Derek Heller, being duly sworn, state as follows:

## I. INTRODUCTION & BACKGROUND OF INVESTIGATION

1. I am a Task Force Officer with the federal Drug Enforcement Administration (DEA), United States Department of Justice. I have been employed as a sworn law enforcement officer by the Brownsburg Police Department since November 5, 2001. I am currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana, and have been so assigned since August 2014. Prior to being assigned to the DEA Indianapolis District Office, I was assigned to the United Drug Task Force in Hendricks County Indiana.

2. In connection with official DEA duties, I investigate criminal violations of federal controlled substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848; money laundering in violation of Title 18, United States Code, Section 1956; and firearms offenses, including violations of Title 18, United States Code, Sections 922(g) and 924(c). I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code and Article 38 of Title 35 of the Indiana Code. I have testified in judicial proceedings and prosecutions for violations of controlled substances laws. I have also been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses, informants, and others who have knowledge both of the distribution and transportation of controlled substances and also of the laundering and concealing of proceeds from drug trafficking. I am familiar with the ways in which drug traffickers conduct their business including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions.

1

3. The information set forth in this Affidavit is based upon my participation in this investigation, interviews of witnesses, review of law enforcement reports, discussion with other law enforcement officers, information provided by confidential informants, review of video recordings and my experience and training.

## II. PRELIMINARY STATEMENT & BASIS OF INFORMATION

4. This Affidavit is made in support of a complaint for Zachary SCRUGGS. As set forth below, I respectfully submit that probable cause exists to believe that Zachary SCRUGGS (SCRUGGS) possessed a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessed a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1).

5. Except as otherwise noted, the information set forth in this Affidavit has been provided to me by DEA Special Agents, Task Force Officers, or other law enforcement agents or officers. Unless otherwise noted, whenever in this Affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Likewise, information resulting from physical surveillance, except where otherwise indicated, does not necessarily set forth my observation, but rather has been provided directly or indirectly through other DEA Special Agents, TFOs, Kokomo Police Department officers, or other law enforcement officers who conducted the surveillance. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through the Indiana Data and Communications System or the National Crime Information Center computers.

6. Because this Affidavit is being submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for said application.

### III. FACTS & CIRCUMSTANCES REGARDING PROBABLE CAUSE

7. On January 6, 2018, at approximately 11:48 a.m., Kokomo Police Department (KPD) officers were dispatched to Motel 6, located at 2808 South Reed Road, Kokomo, Indiana, regarding a complaint of drugs and a gun in Room 245 (Room 245). Hotel records indicated that Zachary SCRUGGS checked in to Room 245 on or about January 4, 2018, and was supposed to check out at 11:00 a.m. on January 6, 2018. Hotel staff attempted to make contact with SCRUGGS, but were unable to make contact. After the checkout time, a housekeeper entered the room in order to clean it and smelled an odor of marijuana and observed a gun in plain view.

8. Officers went to Room 245, and the housekeeper opened the door. Officers detected a strong odor of marijuana and observed a firearm on the bottom portion of the nightstand. Officers then secured the room and obtained a state search warrant for Room 245.

9. SCRUGGS was not present when the housekeeper entered Room 245 or when officers were at Room 245.

10. At approximately 1:52 p.m., KPD officers executed the state search warrant for Room 245 and located multiple pieces of evidence. During the search, officers located, among other items, the following:

    a.    Approximately 349 grams of methamphetamine[1] in a shoe box located between the bed and nightstand (a presumptive field test was conducted on the methamphetamine, with positive results);

    b.    A digital scale containing a residue that tested positive for both methamphetamine and heroin was also found in the shoe box, along with unused clear plastic baggies;[2]

    c.    An Intratec pistol, Model TEC-22, Caliber .22LR, serial number 028585, and a magazine containing twenty-five (25) rounds of ammunition, Caliber .22LR, located on the bottom shelf of the nightstand;

    d.    A Foot Locker bag located on the floor, containing a Foot Locker receipt; and,

    e.    A shoe box containing multiple documents bearing SCRUGG's name.

11.    A KPD officer traveled to Foot Locker and reviewed surveillance video from the time found on the above-mentioned receipt. The surveillance video showed a white male wearing a red hat and black coat. This male was similar, if not identical, in appearance to a known photograph of SCRUGGS.

12.    The above-described search of Room 245 took place in the Southern District of Indiana.

13.    SCRUGGS has the following prior conviction for a crime punishable by more than one year imprisonment: Possession of Marijuana, in Howard County (Indiana) Circuit Court, on or about February 27, 2013.

---

[1] Based on my training and experience and knowledge of this investigation, I know that this quantity of methamphetamine is indicative of distribution, as it far exceeds an amount associated with an individual user.
[2] Based on my training and experience and knowledge of this investigation, I know that drug traffickers frequently use scales and baggies when processing controlled substances for redistribution.

14. I consulted with a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives who informed me that the above-described Intratec pistol was manufactured outside of the State of Indiana. The ATF Special Agent further informed me that he had successfully test-fired the Intratec pistol. The pistol functioned as designed and thus was capable of expelling a projectile by the action of an explosive.

## IV. CONCLUSION

15. Based on the foregoing information, I believe that there is probable cause to believe that SCRUGGS possessed a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessed a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

16. I respectfully request that the Court order that all papers in support of this application, including the affidavit and complaint, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Derek Heller
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this 27th day of February, 2018.

The Honorable Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana