## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | Cause No. 1:18-cr-99-WTL-DML-1 |
| ) | |
| ZACHARY SCRUGGS, ) | |
| ) | |
|   Defendant. ) | |

## ENTRY ON MOTION FOR REVOCATION OF RELEASE ORDER

Before the Court is the Government's motion for revocation of release order (Dkt. No. 44) and the Defendant's response thereto. The Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I. STANDARD

18 U.S.C. § 3145(a)(1) provides for district court review of a magistrate judge's release order. Section 3145(a) states in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.] The motion shall be determined promptly.

The district court must conduct a *de novo* review and need not defer to the magistrate judge's findings. The Court may review the transcript of the proceedings before the magistrate judge or it may hold a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court has reviewed the audio recording of the hearing and the parties' filings and has determined that a new hearing is not necessary.

## II. BACKGROUND

### A. The Charged Offenses

On June 12, 2018, Zachary Scruggs and a co-defendant were charged in a six-count superseding indictment. Scruggs was charged with Possession with Intent to Distribute Controlled Substances (Count 1); Felon in Possession of a Firearm (Counts 2 and 6); Conspiracy to Distribute Controlled Substances (Count 3); and Distribution of Methamphetamine (Count 5).

### B. The Hearing

Scruggs was initially brought before the Court on a writ. When the issue of detention became ripe, a hearing was held on June 14, 2018, by Magistrate Judge Mark J. Dinsmore. The United States moved for Scruggs' detention pending trial pursuant to 18 U.S.C. § 3142. At the conclusion of the hearing, the Magistrate Judge ordered Scruggs released pending trial of this matter. The release order has been stayed pending this Court's review.

Both parties agreed that the charge against Scruggs creates a presumption of detention. 18 U.S.C. § 3142(e)(3)(A).

The Defendant made the following proffer at the hearing before the Magistrate Judge. Scruggs is a lifelong resident of Kokomo, Indiana. If Scruggs were to be released, he would live with his father in Kempton, Indiana. He and his father are both employed at Boss Home Improvements, and Scruggs would be able to continue his employment and ride to and from work with his father. Scruggs left school after the tenth grade and has not obtained his GED, although he has begun to work toward it while incarcerated since his arrest. Scruggs was previously convicted of possession of marijuana, which is a D felony that likely would have been

eligible for alternate misdemeanor sentencing diversion program if Scruggs had sought it. Scruggs has no passport.

The Government proffered the following information at the hearing and by reference to the Complaint that was filed in this case. *See* Dkt. No. 2. On January 6, 2018, a hotel room in Kokomo, Indiana, was searched pursuant to a search warrant. Scruggs had checked into the room two days earlier and had not yet checked out of it at the time of the search. Over 300 grams of methamphetamine, a digital scale and unused clear baggies, and an Intratec pistol, Model TEC-22, and a magazine containing 25 rounds of ammunition were found in the room. On January 10, 2018, and January 19, 2018, controlled buys were conducted during which Scruggs and/or his alleged co-conspirator sold approximately 39.9 grams of methamphetamine and 112 grams of methamphetamine respectively. The methamphetamine was of a high level of purity. On or about January 23, 2018, the residence in which Scruggs lived with his mother was searched; drug paraphernalia and a revolver were found in that search. A search of Scruggs' cell phone revealed a photograph of Scruggs with the revolver and evidence suggesting that he was attempting to sell the revolver.

### III. DISCUSSION

A defendant shall be detained pending trial if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e), (b), and (c). The Government bears the burden of proof and must prove risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. *United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985) (internal citations omitted); *see also United States v. Robinson*, 27 F. Supp. 2d 1116, 1120 (S.D. Ind. 1998)

(preponderance of the evidence standard used in evaluating flight risk); 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). If the defendant is not detained pending trial, the judicial officer shall order the pretrial release of the defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

Three of the charges against Scruggs carry mandatory minimum penalties of ten years' imprisonment. Given the types of crime, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *See* 18 U.S.C. § 3142(e)(3)(A). That presumption, however, is rebuttable. *Id.* To rebut that presumption, it is Scruggs' burden to produce "some evidence that he will not flee or endanger the community if released," but "the burden of production is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). For example, a defendant could show that the specific nature of the crimes charged, or that something about his individual circumstances, suggests that "what is true in general is not true in the particular case." *Id.* (citations omitted). Furthermore, "[t]he burden of persuasion remains with the government once the burden of production is met," although "the rebutted presumption is not erased [but] remains in the case as an evidentiary finding mitigating against release, to be weighed along with other evidence relevant to factors listed in § 3142." *Id.* (citation omitted).

The Court finds that Scruggs has met his burden of presenting some evidence that he will not flee or endanger the community if released.

The Court's inquiry into whether Scruggs should be detained prior to trial is guided by the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community. *See* 18 U.S.C. § 3142(g).

### A. Nature and Circumstances of the Offenses Charged

Scruggs is charged in the superseding indictment with Possession with Intent to Distribute Controlled Substances (Count 1); Felon in Possession of a Firearm (Counts 2 and 6); Conspiracy to Distribute Controlled Substances (Count 3); and Distribution of Methamphetamine (Count 5). The charges involve a felony controlled-substances offense with potential penalties of imprisonment of not less than ten years and not more than life. Accordingly, this factor weighs in favor of detention.

### B. Weight of the Evidence Against the Defendant

The Court takes judicial notice of the Superseding Indictment and the evidence proffered by the Government at the hearing. Looking at the evidence as a whole, this factor weighs in favor of detention.

### C. The History and Characteristics of the Defendant

Section 3142(g)(3) instructs the Court to consider Scruggs' character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Examining these factors in reverse order, Scruggs was not under criminal justice supervision at the time of the charged offense. He has a minor criminal history, with misdemeanor convictions for illegal possession of marijuana and illegal possession of alcohol and a D felony for possession of marijuana. He had one failure to appear on the illegal possession of alcohol case, but the case was resolved five days later. Scruggs successfully completed one year of probation on the misdemeanor marijuana case, and he successfully completed 180 days of home detention and 498 days of probation on the felony case. On the alcohol case, Scruggs was ordered to take seven AA classes within sixty days and submit a certificate of completion, which he did.

With regard to his history relating to drug or alcohol abuse, Scruggs has a past history of daily marijuana use, which he reports ended three years ago. There is no evidence that he actively uses methamphetamine. However, according to the Pretrial Services Report, his mother, with whom he was living at the time of his arrest, "believes he has been under the influence of unknown illegal substances in the past six months."

Scruggs has family support and family ties to his community and is gainfully employed. He has resided in the Kokomo, Indiana area his entire life. He does not have any physical or mental conditions that weigh in favor or against detention.

Viewed as a whole, Scruggs' history and characteristics weigh slightly in favor of release.

### D. Risk of Flight and Nature and Seriousness of the Danger to Any Person in the Community

The Government argues that Scruggs is a danger to the community and that he is a flight risk. Specifically, the Government argues that Scruggs' involvement in distributing narcotics and the presence of multiple firearms constitutes a danger to the community and that the seriousness of the charges against him give him motivation to flee.

The Court agrees that the amount and nature of the drugs involved in the alleged conspiracy is a danger to the community, as are the weapons Scruggs is alleged to have possessed in conjunction with dealing methamphetamine. As such, the Court finds that the Government has proved by clear and convincing evidence that Scruggs is a danger to any person in the community. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33 (1979). This factor weighs in favor of detention.

### IV. CONCLUSION

Considering all of the factors, the Court finds that they weigh in favor of detention. Therefore, the Government's motion for revocation of release order (Dkt. No. 44) is **GRANTED**.

**SO ORDERED: 6/28/18**

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication